Argued July 6, affirmed September 21, 1966

# LASLEY *v.* GLADDEN

418 P. 2d 256

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## PER CURIAM.

In 1962, Lasley entered a plea of guilty to the charge of contributing to the delinquency of a minor. The information filed against him charged that the criminal act consisted of occupying "* * * a bed with said female child while both were partially undressed * * *." The girl was alleged to be 15 years old. When he plead guilty Lasley waived his right to the appointment of counsel to represent him. In this post conviction case he claims that he did not knowingly waive counsel and that the information did not charge a crime. The trial court, after a full factual hearing made detailed findings that Lasley has knowingly waived the right to counsel. The court also sustained the information. He appeals.

The case is governed by *McWilliams v. Gladden,* 1965, 242 Or 333, 407 P2d 833. In fact, there is less reason to question the character of the waiver in this case then there was in *McWilliams.* The evidence presented in the instant case supports the trial court's careful findings and there is no reason to inquire further.

The argument that the information does not state a crime is without merit. It would have the effect of legalizing bundling between adult males and 15 year old girls if we were to hold otherwise. That such conduct could cause the child to become delinquent appears obvious. It is equally absurd to argue that this man did not understand the nature of the charge.

Affirmed.

DENECKE, J., dissenting.

The majority adopts the proposition that if the accused is made to understand that he has a right to counsel, appointed if the accused is indigent, and the accused then states that he does not want counsel, that the accused has knowingly waived his right to counsel and no further inquiry need be made. I agree with the majority that that was the holding in *McWilliams v. Gladden,* 242 Or 333, 407 P2d 833 (1965).

I again dissent in the belief that the Constitution of the United States requires that if counsel is so waived, the trial court must in effect take the place of counsel and impart to the accused, "* * * apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *" *Von Moltke v. Gillies,* 332 US 708, 724, 68 S Ct 316, 92 L ed 309 (1948). If the trial judge has not performed this responsibility, I am of the opinion that the plea of guilty is unconstitutionally received.

There is no evidence in this case that the sentencing court attempted to perform any of the responsibilities required by the United States Supreme Court as quoted above.

O'CONNELL, J., joins in this dissent.